**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  
**Jaye B Andres**

CASE NO:   **10-41200**

# Uniform Plan
# and
# Motion for Valuation of Collateral

CHAPTER 13 PLAN

Date of Plan:   **12/21/2010**

(Date Must be Date that This Plan is Signed by Debtors)

The debtors propose the following plan pursuant to § 1321*.

In conjunction with the plan, the Debtor moves for the valuation of secured claims in the amount set forth in paragraph 8. **The debtor(s) propose to pay the holder of the Secured Claim only the amounts set forth in the debtor(s)' Plan.  The Court will conduct a scheduling conference on this contested matter on the date set for the hearing on confirmation of the debtor(s)' plan.  You must file a response to this objection, in writing, not less than 5 days (including weekends and holidays) before the hearing on confirmation of the plan or the valuation set forth in the plan may be adopted by the Court.  If no response is filed, the Debtor's sworn declaration at the conclusion of this plan may be submitted as summary evidence at the hearing pursuant to Rule 7056 and 28 U.S.C. § 1746.  If no timely answer is filed, the Court may conduct a final hearing on the objection at the hearing on confirmation of the plan.**

**1. Payments.**  The debtors hereby submit all or such portion of their future earnings or other future income to the supervision and control of the chapter 13 Trustee ("Trustee") as is necessary for the execution of the plan.  The submission of income shall be accomplished by making monthly payments to the Trustee in amounts equal to all of the projected disposable income of the debtor, as defined in § 1325(b).  Schedules I and J of the debtor's schedules contain the debtor's good faith estimate of the current amount of available projected disposable income for purposes of this requirement.  Significant changes in the debtor's financial condition during the first three years of the plan may provide cause for the Trustee or any unsecured creditor to seek a modification of the plan pursuant to § 1329.  The amount, frequency, and duration of the payments, is as follows:

| Beginning Month** | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 | 29 | $4,450.00 | $129,050.00 |
| 30 | 60 | $4,850.00 | $150,350.00 |
|  |  | Grand Total: | $279,400.00 |

The first monthly payment is due not later than 30 days after the date this case was filed.  If the payments to be made by the chapter 13 trustee pursuant to paragraph 4 are adjusted in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b) (whether on account of a change in any escrow requirement, a change in the applicable interest rate under an adjustable rate mortgage, or otherwise), the debtors' payments required by this paragraph 1 will be automatically increased or decreased by the amount of the increase or decrease in the paragraph 4 payments, adjusted as set forth in the following sentence.  The increase or decrease shall be adjusted by an amount equal to the increase or decrease in the Posted Chapter 13 Trustee Fee that is caused by the change.  The Posted Chapter 13 Trustee Fee is the percentage fee posted on the Court's web site from time to time.  The chapter 13 trustee is authorized to submit an amended wage withholding order or to amend any automated bank draft procedure to satisfy the automatic increase or decrease.

A notice of any adjustment in the payment amount must be filed by the chapter 13 trustee.

Except as otherwise ordered by the Court, payments to the chapter 13 trustee will be made pursuant to a wage withholding order or an automated bank draft procedure with the chapter 13 trustee.

---

\* All § references are to the Bankruptcy Code.
\*\* When subsequent tables refer to "Month #", Month #1 is the Beginning Month referenced above.

Case No:   10-41200
Debtor(s):   **Jaye B Andres**

---

**2. Priority Claims.**   From the payments made by the debtor to the Trustee, the Trustee shall pay in full, all claims entitled to priority under § 507.  Payments shall be made in the order of priority set forth in § 507(a) and § 507(b).  Payments of equal priority shall be made pro rata to holders of such claims.  Priority claims arising under § 503(b)(2) shall be paid only after entry of an order by the Bankruptcy Court approving payment of the claim.  If this case is dismissed, no priority claim arising under § 503(b)(2) shall be allowed unless an application for allowance is filed on or before 20 days after entry of the order of dismissal.

| Name of Holder of Priority Claim | Amount of Priority Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| **The Austin Law Firm, PLLC** | $2,274.00 | 0.00% | Pro-Rata | 1 | 59 |

**3. Secured Claims for which Collateral is to be Surrendered.**  The debtor surrenders the following collateral:

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |

**4. Secured Claim For Claim Secured Only by a Security Interest in Real Property That is the Debtor(s)' Principal Residence (Property to be Retained) or Other § 1322(b)(5) Claim.  Check Either A or B, below:**

☑   **A.**   The following table sets forth the treatment of each class of secured creditors holding a claim secured only by a security interest in real property that is the debtor(s)' principal residence or other claim treated under § 1322(b)(5).  The amount listed as the "Principal Amount of Claim for Arrearage" is the amount proposed by the debtor(s) in this Plan.  If the actual allowed claim is in a different amount, the amount paid pursuant to this Plan shall be the amount due on the actual amount of the allowed claim without the need of an amended plan.  The amount listed as "Amount of Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim for Arrearage | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| **GMAC Mortgage**<br>**25419 Skye Springs Lane Katy, Texas** | $20,488.50 | 0.00% | Pro-Rata | 1 | 59 |

Payment of the arrearage amounts shall constitute a cure of all defaults (existing as of the petition date) of the debtor(s)' obligations to the holder of the secured claim.

The Secured Claims held by secured creditors holding a claim secured only by a security interest in real property that is the debtor(s)' residence (other than the arrearage claims set forth in the above table) and other claims treated under § 1322(b)(5) will be paid in accordance with the pre-petition contract held by the holder of the secured claim.  The first such payment is due on the first payment due date under the promissory note (after the date this bankruptcy case was filed).  During the term of the plan, these payments will be made through the chapter 13 trustee in accordance with the Home Mortgage Payment Procedures adopted pursuant to Bankruptcy Local Rule 3015(b).  Each holder of a claim that is paid pursuant to this paragraph must elect to either (i) apply the payments received by it to the next payment due without penalty under the terms of the holder's pre-petition note; or (ii) waive all late charges that accrue after the order for relief in this case.  Any holder that fails to file an affirmative election within 30 days of entry of the order confirming this plan has waived all late charges that accrue after the order for relief in this case.  Notwithstanding the foregoing, the holder may impose any late charge that accrues following an event of default of a payment due under paragraph 1 of this Plan.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Case No:   10-41200
Debtor(s):   **Jaye B Andres**

---

The Debtor must provide the information required by the chapter 13 trustee pursuant to the Home Mortgage Payment Procedures, prior to 5 business days after the date this Plan is proposed.

☐ **B.**   The holder of the claim secured only by a security interest in real property that is the debtor(s)' principal residence has agreed to refinance the security interest and claim on the terms set forth on the document attached as Exhibit "A".  The refinancing brings the loan current in all respects.  The terms of the loan that is being refinanced and the new loan are described below:

|  | **Old Loan** | **New Loan** |
|---|---|---|
| **Current amount owed on old loan and total amount borrowed on new loan** |  |  |
| **Interest rate is fixed or variable?** |  |  |
| **Interest rate (in %)** |  |  |
| **Monthly principal and interest payment** |  |  |
| **Closing costs paid by debtors** |  |  |
| **Monthly required escrow deposit** |  |  |

Payments made to the above referenced holder will be paid (check one, ONLY if debtor has checked option B, above):

☐   **Through the chapter 13 trustee.**

☐   **Directly to the holder of the claim, by the Debtor.**   If there has been a default in payments following the refinancing, future payments will be through the chapter 13 trustee.  If payments are to be made directly to the holder of the claim by the Debtor, then the holder of the claim may not impose any attorneys fees, inspection costs, appraisal costs or any other charges (other than principal, interest and escrow) if such charges arose (in whole or in part) during the period (i) when the case is open; (ii) after the closing of the refinanced loan; and (iii) prior to modification of this plan (i.e., following a default by the Debtor in payments to the holder of the claim) pursuant to which the Debtor commences payments through the chapter 13 trustee to the holder of the claim secured solely by a security interest in the debtor's principal residence.

**5. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which FULL PAYMENT, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which full payment is proposed.  The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim.

If the Court allows an actual allowed claim that is a different amount than is shown below under "Principal Amount of Claim", the Plan shall be deemed amended to pay the principal amount as allowed without the requirement of the filing of an amended plan.  The amount listed as "Estimated Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the debtor(s)' obligations to the holder of the secured claim.  If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

Case No:    10-41200
Debtor(s):  **Jaye B Andres**

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Payment of this Amount in Month # | Last Payment of this Amount in Month # |
|---|---|---|---|---|---|
| | | | | | |

**6. Debt Incurred within 910 Days Preceding Petition Date and Secured by a Lien on a Motor Vehicle or Debt Incurred within 1 Year Preceding Petition Date and Secured by Other Collateral for Which LESS THAN Full Payment, with Interest, is Provided.**
The following table sets forth each class of secured creditors holding a claim for a debt incurred within 910 days preceding the petition date and secured by a lien on a motor vehicle or for a debt incurred within 1 year preceding the petition date and secured by other collateral for which less than full payment is proposed.  The amount listed as "Principal Amount of Claim" is an estimate of the actual allowed claim.  The amount that will be paid under the plan is the amount, with interest, that pays the lesser of (i) the amount listed in the holder's proof of claim; or (ii) the amount listed as "Amount of Claim to be Paid Under Plan" (with the "Amount of Claim to be Paid Under Plan" NOT adjusted to reflect the actual Allowed Amount of the Claim).

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid a lien under § 522, or a complaint to determine the validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim | Amount of Claim to be Paid under Plan | Interest Rate Under Plan | Amount of Estimated Periodic Payment | First Pmt. of this Amt. in Month # | Last Pmt. of this Amt. in Month # |
|---|---|---|---|---|---|---|
| | | | | | | |

**7. Secured Debts Paid in Accordance with Pre-Petition Contract (Use Only for Contracts on Which There is No Default).**
The Debtor represents that there are no payment defaults on the contracts listed in this paragraph.  The secured claims held by the following secured creditors will be paid in accordance with the pre-petition contracts between the debtor(s) and the holder of the secured claim:

| Name of Holder / Collateral for Claim | Total Claim | Collateral Value | Contract Interest Rate |
|---|---|---|---|
| | | | |

**8. All Other Secured Claims (Property to be Retained).**  Each secured claimant is hereby designated to be in a class by itself.  Subject to disposition of a timely filed motion to avoid lien under § 522, or a complaint to determine the validity of a lien filed under Fed. R. Bankr. P. 7001, each secured creditor shall retain the lien securing its claim.  The lien shall be enforceable to secure payment of the claim the lien secures, as that claim may be modified by the plan.  The holder of a claim secured by a valid lien may enforce its lien only pursuant to § 362.

The following table sets forth the treatment of each class of secured creditors whose claims are modified by the Plan.  The amount of secured claim to be paid under this plan is the lesser of the amount listed below as the "Collateral Value" and the allowed amount of the holder's claim.  If the Court allows a different amount than is shown below, the Plan shall be deemed amended without the requirement of the filing of an amended plan.  The amount listed as "Estimated Amount Periodic Payment" will be adjusted to reflect the actual amount of the allowed claim.

Case No:   10-41200
Debtor(s):   **Jaye B Andres**

_____

| Name of Holder of Secured Claim / Security for Claim | Principal Amount of Claim (without regard to Value of Collateral) | Collateral Value | Int. Rate per Plan | Est. Amount Periodic Pmt. | First Pmt. of this Amt. in Month # | Last Pmt. of this Amt. in Month # |
|---|---|---|---|---|---|---|
| **General Motors Acceptance Corp** **2005 Jeep Rangler** | $15,000.00 | $12,550.00 Pay Value | 5.25% | Pro-Rata | 1 | 59 |
| **Hoover Slovacek LLP** **Homestead** | $3,143.00 Pay Claim | $54,120.00 | 0.00% | Pro-Rata | 1 | 59 |
| **USAA** **2004 Chevy Tahoe** | $10,000.00 | $9,750.00 Pay Value | 5.25% | Pro-Rata | 1 | 59 |

Payment of the amounts required in this section constitutes a cure of all defaults (existing as of the date this plan is confirmed) of the debtor(s)' obligations to the holder of the secured claim. If the monthly payment in the proposed plan is less than the amount of the adequate protection payment ordered in this case, the actual payment will be the amount of the monthly adequate protection payment.

The automatic stay is modified to allow holders of secured claims to send only monthly statements (but not demand letters) to the Debtor(s).

**9. Specially Classified Unsecured Claims.** The following unsecured claims will be treated as described below:

| Name of Unsecured Creditor | Treatment |
|---|---|
|  |  |

**10. Unsecured Claims.** Unsecured creditors not entitled to priority shall comprise a single class of creditors, and those whose claims are allowed, shall be paid a pro rata share of the amount remaining after payment of all secured, priority, and specially classified unsecured claims. The debtor estimates that unsecured creditors will receive a ___**2%**_____ dividend.

**11. Executory Contracts.** Except as set forth elsewhere in this Plan or in the following sentence, all executory contracts are rejected. The following contracts are assumed:

**12. Asset Sales.** The Debtor(s) are authorized--without the need for further Court order--to sell their exempt property in accordance with the following sentence. Any such sale shall provide for the full payment, at closing, of all liens on the property that is sold. If the Debtor(s) request and the Court so determines, an order confirming this authority may be granted by the Court, ex parte.

**13. Surrender of Collateral.** The Debtor may surrender collateral to a secured creditor by filing a motion pursuant to Fed. R. Bankr. P. 4001 for an agreed order providing for surrender of collateral and termination of the automatic stay. The motion will be submitted on 15 days notice.

**14. Discharge and Vesting of Property.** The debtor(s) will be granted a discharge in accordance with § 1328. Property of the estate shall vest in the debtors upon entry of the discharge order.

**15. Plan Not Altered from Official Form.** By filing this plan, debtor(s) and their counsel represent that the plan is in the official form authorized by the Court. There are no addenda or other changes made to the official form.

Case No:     10-41200
Debtor(s):   **Jaye B Andres**

**Debtor's Declaration Pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing statements of value contained in this document are true and correct.

Dated:     **12/21/2010**

**/s/ Jaye B Andres**
**Jaye B Andres**


**/s/ Kelley Austin**
**Kelley Austin**
**Kelley Austin, Esq.**
**19901 Southwest Freeway**
**Sugar Land Texas 77479**
**Attorney for Debtor(s)**

Case No:   10-41200
Debtor(s):   **Jaye B Andres**

## Plan Summary and Statistical Cover Sheet to Proposed Plan

Date:   **12/21/2010**
(Date Should be Date that this Proposed Plan is Signed by Debtor)

**Disposable Income and Plan Payments**

| Projected Schedule "I" Income (as shown on most recently filed Schedule I) | Projected Schedule "J" Expenses (as shown on most recently filed Schedule J) | Projected Disposable Income | Beginning Month #* | Ending Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| $7,682.20 | $3,214.00 | $4,468.20 | 1 | 29 | $4,450.00 | $129,050.00 |
| | | | 30 | 60 | $4,850.00 | $150,350.00 |
| | | | | | Grand Total | $279,400.00 |
| | | | | | Less Posted Chapter 13 Trustee Fee** | $22,212.00 |
| | | | | | Net Available | $257,188.00 |

**Projected Trustee Disbursements to Priority and Secured Creditors**

| Name of Holder / Description of Collateral (or "None" if appropriate) | Type of Claim (List Priority Claims, Followed by Claims Secured by Principal Residence, Followed by Other Secured Claims) | Int. Rate | Beg. Month # | End Month # | Payment Amount | Total Payment |
|---|---|---|---|---|---|---|
| **The Austin Law Firm, PLLC** None | Priority | 0.00% | 1 | 59 | Pro-Rata | $2,274.00 |
| **GMAC Mortgage** 25419 Skye Springs Lane Katy, Texas | Principal Res. | 0.00% | 1 | 60 | $3,401.00 | $204,060.00 |
| **GMAC Mortgage** 25419 Skye Springs Lane Katy, Texas | Principal Res. (Arrearage) | 0.00% | 1 | 59 | Pro-Rata | $20,488.50 |
| **General Motors Acceptance Corp** 2005 Jeep Rangler | Secured | 5.25% | 1 | 59 | Pro-Rata | $14,486.50 |
| **Hoover Slovacek LLP** Homestead | Secured | 0.00% | 1 | 59 | Pro-Rata | $3,143.00 |
| **USAA** 2004 Chevy Tahoe | Secured | 5.25% | 1 | 59 | Pro-Rata | $11,254.43 |
| | | | | | Grand Total | $255,706.43 |

\* If filed in connection with a modification, the first month listed must be the first month in which the debtor was required to make a payment after filing the bankruptcy petition.  All previous payments and proposed payments must be included.

\*\* The Posted Chapter 13 Trustee Fee is based on the percentage listed on the Court's website.

Case No:    10-41200
Debtor(s):  **Jaye B Andres**

| SUMMARY OF PAYMENTS | |
|---|---:|
| Net Available to Creditors | $257,188.00 |
| Less Estimated Attorneys' fees | $2,274.00 |
| Less Total to Priority Creditors | $0.00 |
| Less Total to Secured Creditors | $253,432.43 |
| Net Available for Unsecured Creditors | $1,481.57 |
| Estimated General Unsecured Claims | $85,394.05 |
| Forecast % Dividend on General Unsecured Claims | 2% |

| BEST INTEREST TEST | |
|---|---:|
| Value of total non-exempt property | **$600.00** |
| Total distributions to all priority and general unsecured creditors | **$3,755.57** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:  **Jaye B Andres**                                  CASE NO.  10-41200
         *Debtor*

                                                           CHAPTER  13

         *Joint Debtor*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 21, 2010, a copy of the attached Chapter 13 Plan, with any attachments, and Budget and Monthly Family Income were served on each party in interest listed below, by placing each copy in an envelope properly addressed, postage fully prepaid in compliance with Local Rule 9013 (g).

/s/ Kelley Austin
Kelley Austin
Bar ID:24042529
Kelley Austin, Esq.
19901 Southwest Freeway
Sugar Land Texas 77479
(713) 339-2415

| | | |
|---|---|---|
| Chase Bank<br>xxxx-xxxx-xxxx-5237<br>P.O. Box 15298<br>Wilmington, DE 19850-5298 | General Motors Acceptance Corp<br>2740 Arthur Stree<br>Roseville, MN 55113-1303 | Hoover Slovacek LLP<br>5847 San Felipe, Ste 2200<br>Houston, Texas 77057 |
| Citi<br>xxxx-xxxx-xxxx-2479<br>PO Box 6062<br>Sioux Falls, SD 57117 | GMAC Mortgage<br>xxxxxx0722<br>3451 Hammond Ave<br>Waterloo, IA 50702 | Household Bank<br>xxxx-xxxx-xxxx-9634<br>PO Box 60102<br>City of Industry, CA 91716 |
| David G. Peake<br>9660 Hillcroft, Suite 430<br>Houston, Texas 77096 | GMAC Mortgage<br>xxxxxx0722<br>3451 Hammond Ave<br>Waterloo, IA 50702 | Household Bank<br>PO Box 60102<br>City of Industry, CA 91716 |
| Exxon Mobil<br>xxxxxxxxxxx9175<br>PO Box 4598<br>Carol Stream, IL 60197 | Harris County Tollroad Authority<br>c/o Linebarger Goggan Blair & Sampson<br>1300 Main St, Ste 425<br>Houston, Texas 77002 | Jaye B Andres<br>25419 Skye Springs Lane<br>Katy, Texas 77494 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: **Jaye B Andres**  CASE NO. **10-41200**
*Debtor*

CHAPTER **13**

*Joint Debtor*

## CERTIFICATE OF SERVICE
(Continuation Sheet #1)

Ozarka Waters
xxxxxx2753
19005 Aldine Westfield
Houston, TX 77073


Regions Bank
PO Box 11407
Birmingham, AL 35246-0019


Sears Mastercard
xxxx-xxxx-xxxx-0498
PO Box 6282
Sioux Falls, SD 57117-6282


Shell
xxxxxx3346
Processing Center
Des Moines, IA 50359-0001


USAA


Wells Fargo Financial
800 Walnut St F4030-04C
Des Moines, IA 50309

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE: **Jaye B Andres, Debtor**          CASE NO **10-41200**

                                          CHAPTER **13**

## PROPOSED PAYMENT SCHEDULE FOR CHAPTER 13 PLAN (PRO FORMA)

The following payment schedule is a projection of the anticipated payments to be made to the creditors under the plan. This Pro Forma serves as support documentation to the debtor's proposed plan. Actual distributions by the Chapter 13 Trustee may vary.

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 1 | MONTH 2 | MONTH 3 | MONTH 4 | MONTH 5 | MONTH 6 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $181.42 | $181.84 | $182.27 | $182.70 | $183.12 | $183.54 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $294.89 | $294.30 | $293.70 | $293.10 | $292.51 | $291.91 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $45.24 | $45.15 | $45.05 | $44.96 | $44.87 | $44.78 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $32.73 | $32.66 | $32.60 | $32.53 | $32.46 | $32.40 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $140.95 | $141.28 | $141.61 | $141.94 | $142.27 | $142.60 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 |
| NEW BALANCE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$4,096.23** | **$4,096.23** | **$4,096.23** | **$4,096.23** | **$4,096.23** | **$4,096.23** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $353.77 | $353.77 | $353.77 | $353.77 | $353.77 | $353.77 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 7 | MONTH 8 | MONTH 9 | MONTH 10 | MONTH 11 | MONTH 12 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $183.97 | $184.39 | $184.83 | $185.25 | $185.68 | $186.10 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $291.31 | $290.71 | $290.11 | $289.51 | $288.91 | $288.32 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $44.69 | $44.60 | $44.50 | $44.42 | $44.32 | $44.23 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $32.33 | $32.27 | $32.20 | $32.13 | $32.07 | $32.00 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $142.93 | $143.26 | $143.59 | $143.92 | $144.25 | $144.58 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 |
| NEW BALANCE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$4,096.23** | **$4,096.23** | **$4,096.23** | **$4,096.23** | **$4,096.23** | **$4,096.23** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $353.77 | $353.77 | $353.77 | $353.77 | $353.77 | $353.77 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 13 | MONTH 14 | MONTH 15 | MONTH 16 | MONTH 17 | MONTH 18 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $186.52 | $186.95 | $187.38 | $187.81 | $188.23 | $188.66 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $287.72 | $287.12 | $286.52 | $285.92 | $285.32 | $284.72 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $44.14 | $44.05 | $43.95 | $43.86 | $43.77 | $43.68 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $31.94 | $31.87 | $31.80 | $31.73 | $31.67 | $31.60 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $144.91 | $145.24 | $145.58 | $145.91 | $146.24 | $146.57 |
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 |
| NEW BALANCE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | **$4,096.23** | **$4,096.23** | **$4,096.23** | **$4,096.23** | **$4,096.23** | **$4,096.23** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $353.77 | $353.77 | $353.77 | $353.77 | $353.77 | $353.77 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 19 | MONTH 20 | MONTH 21 | MONTH 22 | MONTH 23 | MONTH 24 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $189.09 | $189.51 | $189.94 | $190.37 | $190.79 | $191.22 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $284.12 | $283.53 | $282.92 | $282.32 | $281.72 | $281.13 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $43.59 | $43.49 | $43.41 | $43.31 | $43.22 | $43.12 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $31.53 | $31.47 | $31.40 | $31.34 | $31.27 | $31.20 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $146.90 | $147.23 | $147.56 | $147.89 | $148.23 | $148.56 |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:  **Jaye B Andres, Debtor**      CASE NO  **10-41200**

CHAPTER  **13**

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 |
| NEW BALANCE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | $4,096.23 | $4,096.23 | $4,096.23 | $4,096.23 | $4,096.23 | $4,096.23 |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $353.77 | $353.77 | $353.77 | $353.77 | $353.77 | $353.77 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 25 | MONTH 26 | MONTH 27 | MONTH 28 | MONTH 29 | MONTH 30 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $191.65 | $192.08 | $192.50 | $192.93 | $193.36 | $296.41 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $280.52 | $279.92 | $279.33 | $278.72 | $278.12 | $424.51 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $43.03 | $42.94 | $42.85 | $42.76 | $42.66 | $65.12 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $31.14 | $31.07 | $31.00 | $30.94 | $30.87 | $47.11 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $148.89 | $149.22 | $149.55 | $149.88 | $150.22 | $230.28 |

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,850.00 |
| NEW BALANCE: | | | | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,450.00 | $4,850.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | $4,096.23 | $4,096.23 | $4,096.23 | $4,096.23 | $4,096.23 | $4,464.43 |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $353.77 | $353.77 | $353.77 | $353.77 | $353.77 | $385.57 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 31 | MONTH 32 | MONTH 33 | MONTH 34 | MONTH 35 | MONTH 36 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $297.06 | $297.72 | $298.37 | $299.02 | $299.66 | $300.33 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $423.59 | $422.67 | $421.75 | $420.83 | $419.92 | $419.00 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $64.98 | $64.84 | $64.70 | $64.56 | $64.42 | $64.27 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $47.01 | $46.91 | $46.81 | $46.71 | $46.61 | $46.51 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $230.79 | $231.29 | $231.80 | $232.31 | $232.82 | $233.32 |

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| NEW BALANCE: | | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | $4,464.43 | $4,464.43 | $4,464.43 | $4,464.43 | $4,464.43 | $4,464.43 |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 37 | MONTH 38 | MONTH 39 | MONTH 40 | MONTH 41 | MONTH 42 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $300.98 | $301.64 | $302.29 | $302.95 | $303.60 | $304.25 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $418.08 | $417.16 | $416.25 | $415.32 | $414.41 | $413.49 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $64.14 | $63.99 | $63.85 | $63.71 | $63.57 | $63.43 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $46.40 | $46.30 | $46.20 | $46.10 | $45.99 | $45.89 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $233.83 | $234.34 | $234.84 | $235.35 | $235.86 | $236.37 |

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| BEGINNING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| NEW BALANCE: | | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | | $4,464.43 | $4,464.43 | $4,464.43 | $4,464.43 | $4,464.43 | $4,464.43 |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 |
| ENDING BALANCE: | | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 43 | MONTH 44 | MONTH 45 | MONTH 46 | MONTH 47 | MONTH 48 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $304.90 | $305.56 | $306.20 | $306.86 | $307.51 | $308.16 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $412.58 | $411.65 | $410.74 | $409.82 | $408.90 | $407.99 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $63.29 | $63.15 | $63.01 | $62.87 | $62.73 | $62.59 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $45.79 | $45.69 | $45.59 | $45.48 | $45.39 | $45.28 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $236.87 | $237.38 | $237.89 | $238.40 | $238.90 | $239.41 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

IN RE:  **Jaye B Andres,  Debtor**                                         CASE NO  **10-41200**

                                                                                                        CHAPTER  **13**

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| BEGINNING BALANCE: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| NEW BALANCE: | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | **$4,464.43** | **$4,464.43** | **$4,464.43** | **$4,464.43** | **$4,464.43** | **$4,464.43** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 |
| ENDING BALANCE: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 49 | MONTH 50 | MONTH 51 | MONTH 52 | MONTH 53 | MONTH 54 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $308.82 | $309.48 | $310.13 | $310.78 | $311.43 | $312.08 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $407.07 | $406.15 | $405.23 | $404.32 | $403.40 | $402.49 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $62.44 | $62.30 | $62.16 | $62.02 | $61.89 | $61.74 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $45.18 | $45.08 | $44.98 | $44.87 | $44.77 | $44.67 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $239.92 | $240.42 | $240.93 | $241.44 | $241.94 | $242.45 |

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| BEGINNING BALANCE: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| NEW BALANCE: | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | **$4,464.43** | **$4,464.43** | **$4,464.43** | **$4,464.43** | **$4,464.43** | **$4,464.43** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 |
| ENDING BALANCE: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| CREDITOR NAME | AMOUNT | INT RATE | INT PAID | MONTH 55 | MONTH 56 | MONTH 57 | MONTH 58 | MONTH 59 | MONTH 60 |
|---|---|---|---|---|---|---|---|---|---|
| General Motors Acceptance Corp | $12,550.00 | 5.25% | $1,936.50 | $312.73 | $313.39 | $314.04 | $314.70 | $191.35 | $0.00 |
| GMAC Mortgage | | (Long-Term Debt) | | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 | $3,401.00 |
| GMAC Mortgage | $20,488.50 | 0.00% | $0.00 | $401.57 | $400.65 | $399.74 | $398.82 | $241.45 | $0.00 |
| Hoover Slovacek LLP | $3,143.00 | 0.00% | $0.00 | $61.60 | $61.46 | $61.32 | $61.17 | $37.04 | $0.00 |
| The Austin Law Firm, PLLC | $2,274.00 | 0.00% | $0.00 | $44.57 | $44.47 | $44.36 | $44.27 | $26.79 | $0.00 |
| USAA | $9,750.00 | 5.25% | $1,504.43 | $242.96 | $243.46 | $243.97 | $244.47 | $148.66 | $0.00 |

|  |  |  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|---|---|
| BEGINNING BALANCE: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| DEBTOR'S PAYMENT TO TRUSTEE: | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| NEW BALANCE: | | | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 | $4,850.00 |
| DISTRIBUTION TO PRIORITY, SECURED AND SPECIAL UNSECUREDS: | | | **$4,464.43** | **$4,464.43** | **$4,464.43** | **$4,464.43** | **$4,046.29** | **$3,401.00** |
| DISTRIBUTION TO GENERAL UNSECUREDS: | | | $0.00 | $0.00 | $0.00 | $0.00 | $418.14 | $1,063.43 |
| TRUSTEE COMMISSION AND OTHER ADMINISTRATIVE COSTS: | | | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 | $385.57 |
| ENDING BALANCE: | | | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

**Page 3**

B6I (Official Form 6I) (12/07)

In re **Jaye B Andres**                                                                 Case No.   **10-41200**
                                                                                                              (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| **Married** | Relationship(s):  Spouse<br>son<br>son<br>daughter<br>daughter | Age(s):<br>18<br>16<br>14<br>11 | Relationship(s): | Age(s): |
| **Employment:** | **Debtor** | | **Spouse** | |
| Occupation<br>Name of Employer<br>How Long Employed<br>Address of Employer | sales mangement<br>Hearst Media Services<br>9 months<br>801 Texas Ave<br>Houston, Texas 77002 | | Admin Support<br>Coldwell Banker United Realtors<br>18 months<br>1215 East Villa Maria<br>Bryan, Texas 77802 | |

| | | **DEBTOR** | **SPOUSE** |
|---|---|---|---|
| INCOME: (Estimate of average or projected monthly income at time case filed) | | | |
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $4,428.00 | $1,609.92 |
| 2. | Estimate monthly overtime | $0.00 | $0.00 |
| 3. | SUBTOTAL | **$4,428.00** | **$1,609.92** |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes (includes social security tax if b. is zero) | $126.32 | $148.00 |
| | b. Social Security Tax | $292.24 | $99.82 |
| | c. Medicare | $0.00 | $23.34 |
| | d. Insurance | $272.00 | $0.00 |
| | e. Union dues | $0.00 | $0.00 |
| | f. Retirement | $0.00 | $0.00 |
| | g. Other (Specify)   HSA | $120.00 | $0.00 |
| | h. Other (Specify)   Dental | $64.00 | $0.00 |
| | i. Other (Specify) | $0.00 | $0.00 |
| | j. Other (Specify) | $0.00 | $0.00 |
| | k. Other (Specify) | $0.00 | $0.00 |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | **$874.56** | **$271.16** |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | **$3,553.44** | **$1,338.76** |
| 7. | Regular income from operation of business or profession or farm (Attach detailed stmt) | $0.00 | $0.00 |
| 8. | Income from real property | $0.00 | $0.00 |
| 9. | Interest and dividends | $0.00 | $0.00 |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $0.00 | $0.00 |
| 11. | Social security or government assistance (Specify): | $0.00 | $0.00 |
| 12. | Pension or retirement income | $0.00 | $0.00 |
| 13. | Other monthly income (Specify): | | |
| | a.  bonuses | $2,700.00 | $0.00 |
| | b.  Comm allowance | $90.00 | $0.00 |
| | c. | $0.00 | $0.00 |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | **$2,790.00** | **$0.00** |
| 15. | AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | **$6,343.44** | **$1,338.76** |
| 16. | COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | **$7,682.20** | |

                                                                        (Report also on Summary of Schedules and, if applicable,
                                                                         on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtor plans to increase commission income.**

B6J (Official Form 6J) (12/07)

IN RE:  **Jaye B Andres**                                               Case No.  **10-41200**
                                                                                                            (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) <br>    a. Are real estate taxes included?   ☑ Yes   ☐ No <br>    b. Is property insurance included?  ☐ Yes   ☑ No | |
| 2. Utilities:  a. Electricity and heating fuel <br>             b. Water and sewer <br>             c. Telephone <br>             d. Other:  internet, cable, home phone | $475.00 <br> $80.00 <br> $150.00 <br> $210.00 |
| 3. Home maintenance (repairs and upkeep) <br> 4. Food <br> 5. Clothing <br> 6. Laundry and dry cleaning <br> 7. Medical and dental expenses <br> 8. Transportation (not including car payments) <br> 9. Recreation, clubs and entertainment, newspapers, magazines, etc. <br> 10. Charitable contributions | $75.00 <br> $700.00 <br> $100.00 <br> $50.00 <br> $100.00 <br> $400.00 <br> $200.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) <br>        a. Homeowner's or renter's <br>        b. Life <br>        c. Health <br>        d. Auto <br>        e. Other:  HOA dues | <br> $165.00 <br> <br> <br> $434.00 <br> $75.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) <br> Specify: | |
| 13. Installment payments:  (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) <br>       a. Auto: <br>       b. Other: <br>       c. Other: <br>       d. Other: | |
| 14. Alimony, maintenance, and support paid to others: <br> 15. Payments for support of add'l dependents not living at your home: <br> 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) <br> 17.a. Other: <br> 17.b. Other: | |
| **18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17.  Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | **$3,214.00** |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:  **Debtor has a daughter who will be a freshman in college next fall.** | |
| 20. STATEMENT OF MONTHLY NET INCOME <br> a. Average monthly income from Line 15 of Schedule I <br> b. Average monthly expenses from Line 18 above <br> c. Monthly net income (a. minus b.) | <br> $7,682.20 <br> $3,214.00 <br> $4,468.20 |